The issue in this case, which is a diversity case under California law, is whether or not Trimac, the respondent, secured compensation for injuries under the California Labor Code. If it did not, then under Labor Code 3706, the district court had jurisdiction to hear the case and try the case, depending upon the negligence, if it could be established. If it did secure – if Trimac did secure compensation, then it's a workers' compensation case. So the issue in the case is whether or not there was workers' compensation insurance? Whether or not compensation had been secured. That's the language of the statute, Your Honor. Right. So it could be self-injury. There could be a lot of ways that this could be done. Yes. And so essentially there are three policies, but only two are really in play. One is the Lexington policy, which is a contingent policy that Trimac argues was the primary policy. And the problem with that, the main problem is, it's not issued by an admitted insurer. Now, Trimac's argument is, well, it's a division of AIG and one of its other divisions, AIG Casualty, is an admitted insurer. Therefore, Lexington is an admitted insurer. But there's no authority for that, and that is not the law. And in fact, in the excerpt 142, it states in bold that this insurance contract is with an insurer, not licensed to transact insurance business in this state. It's a surplus lines insurer. And as the employer learned in the starving students case, which is cited in page 15 of the opening brief, even good faith belief that the insurance carrier is an admitted insurer is not sufficient. It must be an admitted insurer. Lexington is not. It also states that it's not actually a policy. It will pay the equivalent benefit, as if it were. So then we have to turn to the Zurich policy. Zurich American is an admitted insurer. And the argument, as I understand it, of TRIMAC is that, well, the appellant is not an employee under that policy. But if it's determined at some point that he is an employee, then we can go back and retroactively pay premiums, pay taxes, and make him insured under that policy. The problem with that is the two cases cited in the reply brief by the appellant, the Woodline Furniture case and the Leo's Associates case both hold that retroactivity does not secure the payment. Now, in that case, the issue was whether or not the employer should be penalized because they didn't have workers' compensation insurance. In the Woodline case, it was a lapse of considerable months, and they tried to reinstate it so that it would be reinstated the day before the investigator arrived. But in the more recent Leo's Associates case, it was less than a month of lapse. So our position is that TRIMAC did not secure compensation for this worker. It's incredible because he was a dispatched driver. And starting at least in 2006, going all the way to the present, including this court's most recent decision in the Narayan case, which was decided under California law, a dispatched driver, even though called an independent contractor, for workers' compensation purposes, is an covered worker. And that's consistent with the California statutes that say the workers' compensation law should be liberally construed so there's a broad net to encompass workers and provide them with compensation. California has a constitutional provision in section 14, article 4, saying that it's the policy of the state of California to secure prompt payment of compensation to injured workers. It's been four and a half years. This man has not been compensated. Let me ask a jurisdictional question. Leaving this action aside, if the question that you're arguing now were presented to the California Workers' Compensation Appeal Board, do you believe that board would have jurisdiction to decide it? Yes. That's this concurrent jurisdiction issue we tried to address. Yes, Your Honor, it would. But the appellants in this case first went to court, albeit in state court. No, I understand that procedural posture. But let me follow up then. There is a doctrine which we've applied with federal agencies, but not necessarily state agencies, I think called primary jurisdiction, in which the federal courts stay their hand and submit the question to the agency. Why wouldn't that be appropriate here? There's no case authority for it in California. Yes. It's never been done. No, I mean, do you think the doctrine doesn't reach that far? And I realize I'm hitting you with this cold. But as a policy matter, the California courts have more expertise than we do about constraining California law, and the California agencies, of course. Well, of course, that's always an issue when we have diversity. Yes. You're called upon to decide matters under state laws we have here. There's a long history of cases cited in the brief where California courts have assumed jurisdiction and determined whether or not the worker was injured and whether or not there was insurance security.  I don't know of any law that no authority for that, that I know of, Your Honor. If we were to decide that there was not insurance and no, if we were to decide that there was insurance so that it would go over to the board, could the board then say we're wrong and that he's got a cause of action? No, I don't think the board could say that you're wrong. I think what you decide governs on this point. Because of the concurrent jurisdiction issue, it was first submitted to court. But you understand our discomfort in trying to figure out whether a particular insurance policy provides coverage. Of course. I mean, that's basically what the district judge had to do to determine there was no subject matter jurisdiction. Where did the district court go wrong? I think the district court went wrong in the point that I was just arguing. Not the first point, that you don't have to say, as the judge did, that we judicially admitted that he's an employee. He's an employee under, from all kinds of cases, he's an employee. But I think it was on the issue of securing compensation. There seemed to be in the district court, and initially even in this court, and in my own initial brief, I used the word procuring. But that's really not the right word. It's secure compensation. And that's where the district court went wrong. I think it went wrong two places. One is jumping to the, or accepting the argument of TRIMAC that simply because Lexington is an AIG, or was, an AIG company. And simply because another AIG company, AIG Casualty, is admitted that Lexington's admitted. It's not. Mr. Emmerich, following up on hitting you cold with the jurisdictional argument, Title 18, 1450, 1445C indicates that Federal courts do not have jurisdiction in claims arising out of workers' compensation laws. So if you know, why did the district court have jurisdiction to start with? Well, the district court had jurisdiction because California courts have concurrent jurisdiction, and it's whichever one one goes to first, where there's a claim that the employer did not secure compensation so as to give the court jurisdiction. So then by virtue of diversity of citizenship, the case was transferred to the Federal court. I think we'd like you to save a little time. Oh, sorry. Thank you. So we'll hear from the appellee. I'm in police court, Mr. Emmerich. Good morning. My name is Richard Ozowsky. I represent the defendant, the appellee, TRIMAC Transportation, Western Services Inc. We have a full calendar, but you don't have to speak too rapidly. Very good. Thank you. The court's decision here is actually quite straightforward. There's a very singular issue that has to be decided here, and it was already addressed during the appellant's argument. It's really simply this. Did TRIMAC at the relevant times have a policy, an active policy of workers' compensation insurance that would respond to Mr. Alley's injuries in the event that he proved that he was an employee, or otherwise, even if that issue were to just be conceded? As the district court found, that answer is a resounding no. And the district court's findings are reviewed under a clearly erroneous  As a result, the Alley case is not a conclusive case. But when you say that, it's a, you know, at best, it's a summary judgment, which is de novo, and it's styled as a dismissal, which is de novo. There aren't any contested facts that the district court had to resolve through testimony and so forth. We're just looking at the policies. So why do you say reviewed for clear error? Well, I did not, for the factual findings as to whether or not TRIMAC actually had insurance, that is a factual finding that, as we understand, is reviewable under the clearly erroneous standard, because it is the plaintiff's burden on that motion. Not on summary judgment. It's not a summary judgment motion, Your Honor. You filed a motion to dismiss, right? Correct. That's correct. Under 12B1R. Right. And on a factual challenge to the pleadings, which is what this motion amounted to, the plaintiff who has alleged the jurisdiction of the district court carries the burden to prove by preponderance of the evidence that its allegation that the court has jurisdiction is supported by the facts. Well, if we get beyond the jurisdictional analysis and just analyze the merits, then you agree that the burden is yours and we don't have facts that are determined, right? Well, let's talk about the policies. Would you explain to me why you think the policies provide these coverage? Absolutely. Your Honor, the – there were two policies in place here. One of them, as we have designated it throughout the papers, is the contingent liability policy. It is a surplus policy that was issued by Lexington, which is a division of AIG, which is licensed to issue workers' compensation policies in California. That policy was issued specifically to this arrangement, whereby there was an independent contractor carrying Trimax trailers for specific purposes, for specific transports, in this case, from California to Spokane, Washington. Were you an additional insured under the primary policy? Well, this was issued specifically to Trimax. No, I'm talking about the underlying policy held by the independent contractor. Well, there's – I mean, you have a surplus policy, a surplus to – I assume you're saying a surplus to the policy of the independent contractor, correct? No. Excuse me. No. I'll clarify, Your Honor. It is surplus to Trimax's broad underlying workers' compensation policy that's carried by Zurich. That's their basic workers' compensation policy that would cover any and all of their employees in their offices. So if they slip and fall in a bathroom or drop a ledger on their foot, that's the policy that would cover those basic injuries. They also then procured this Lexington policy that applied specifically to this arrangement from where Mr. Ali was hauling the trailer from California to Washington. It specifically states that he is a contract driver under that policy. And if he were to become injured and then sought workers' compensation benefits on an allegation that he was an employee of Trimax, then Lexington would pay upon a tribunal's finding that he was an employee, or simply by virtue of the fact that he filed a workers' compensation application and was seeking the benefits, they would have the right to then just step up and pay. Sotomayor, for the purposes of our argument and decision today, there's no dispute that he was an employee? Well, Trimax does not concede that for all purposes, but we do concede that if he is, he has pled himself to be an employee. He has judicially admitted that, and therefore this is presumptively a workers' compensation case. The only way it's not a workers' compensation case is if Trimax didn't have insurance. Right. But, I mean, I think the dilemma here is essentially that you're putting him in a pretty bad situation if you go back to California and say, no, no, no, we told the Court of Appeals that he wasn't an employee, at least we weren't ready to concede it, and we're going to contest the employee situation. So you kind of have to decide here whether he's an employee or not an employee, it seems to me. Not exactly, because he does have a remedy. He has a remedy with the Workers' Compensation Appeals Board. He has every right, as every employee in California does, to assert and seek his remedy of workers' compensation benefits with the Workers' Compensation Appeals Board. And any issues that need to be adjudicated, that commission is fully qualified and able to actually adjudicate those issues. And if the issue is whether or not he's an employee, that issue will be decided at that time. Well, that doesn't seem quite right. Are you going to con – are you then going to contest that this policy doesn't cover this, these policies don't cover it? Oh, absolutely not. No, we would not be contesting that the policy doesn't – no. To clarify, Judge Schroeder, no, the – we would not be contesting at all that the policies don't cover it. If there's any issue to be contested, if, if, it's only whether or not he has – Mr. Ali has acquired employee status with TRIMAC, and as a result, he's entitled to the benefits under the policy. So as you understand the issue here, that the plaintiff is only claiming that you don't have insurance? I'm sorry. He's not – he's not asking us to litigate whether he's an employee. He's only asking us to litigate whether or not you have insurance? Well, I – you know, he's – if he's going to – As we've argued in our papers, Mr. Ali has already judicially admitted his employee status, and that, therefore, that issue is conclusively established against him. I think they have tried to turn this into an issue as to whether we should be arguing employee status within district court. Well, sure, but I think there's some force to his argument that California courts resolve this – these types of cases, and that, therefore, it's a diversity case, so jurisdiction lies in the federal court, and, therefore, if that's so, we do have to resolve that question, don't we? I think the case law is very clear, Your Honor, that there are two tribunals. There's a district court at federal level or a superior court at the state level. That would be one tribunal. The other, of course, would be the Workers' Compensation Appeals Board. They have concurrent jurisdiction to the point that they can determine their own jurisdiction to hear the matter, but each individually only has the right to issue one remedy. Superior court or district court would only have a right to award tort damages. Workers' Compensation Board only has the right to award workers' compensation benefits. That's it. Correct. Yeah. So they're only coterminous to the point of determining their own jurisdiction. Except that you have some common legal questions that may involve both jurisdictions. Well, for example, does your insurance apply? That's a question that might or might not. Is he your employee? Those are two questions that have different consequences in each tribunal, but they are the central facts in both. Well, it certainly is well established that the district court is wholly empowered to make the determination as to whether to resolve that factual issue, whether there was coverage. And as the district court found, there was indeed coverage. And as a result, district court simply does not have subject matter jurisdiction over this workers' compensation claim and has the seat authority. Okay. Now, the basic policy, the Zurich policy, you said covers the people who are working not the drivers, is that the people who are working in the office or what? Are you contending that it provides coverage here? Absolutely. It is a policy that covers your essentially presumptive employees. The employees who are on the payroll, W-2 employees. But as stated in Mr. Hedquist's declaration, by the way, he was the risk and insurance director for decades and has been with Trimax since 1981. His full knowledge and ability to make this declaration, he stated unequivocally that in his experience, if Mr. Alley or someone such as him who is presumptively an independent contractor then alleges himself to be an employee, at that point, if a tribunal finds him to be an employee, Zurich will step up and actually cover him as an employee. The only result to Trimax would be that they perhaps would have to pay some retroactive premiums and additional taxes. Well, what about the other policy, the AIG policy? It absolutely would step up. We only asserted that Zurich is sort of the bottom line safety net. The contingent Lexington policy would be first and primary and would pay. But if the Court were to be persuaded by the appellant's argument that the Lexington argument for some reason is not responsive, then the second plan B here is that clearly Zurich, the Zurich broad policy is there to cover Mr. Alley. But who was it intended to cover? Was it intended to cover these truck drivers? The contingent policy? Yes. Yes, Your Honor. It's precisely those drivers. Was there a time, was purchased about the time that this arrangement was entered? It indeed was. But on presumptive employees, they cover people essentially on your payroll, correct? Correct. And is there anything in the record that indicates that Mr. Alley was on your payroll? There is not. And he wasn't, was he? No, he was not. Counsel, I just want to clarify something. You said that Mr. Alley judicially admitted he was an employee. He pled that he was an employee. And for purposes of motion to dismiss, the district court assumed that is true. But if this case were to go back to the state agency, you would vigorously contest that and claim he's an independent contractor, wouldn't you? Possibly. But quite honestly, Your Honor, that would be an issue for another day, and we would have to evaluate the facts and the law at that time, as it would apply, because it is certainly a rapidly developing area of law. And there's been a litany of cases that have falsified it. And we would certainly review the facts under those cases. That would be the time and place to do that. But in the district court here, it is not, and that's our position. Okay. Thank you. Thank you. I know you have a busy calendar. Do you have any questions for me that you'd like me to address further? Well, do you want to respond to the argument that this policy, the AIG-related policy covers it? Right. Well, the AIG policy doesn't cover because it's not an admitted insurer. That's a requirement under the California Labor Code. It has to be an admitted insurer. The fact that it's Lexington is a division of AIG and AIG Casualty is a division of AIG, there's absolutely no authority that just because one division of one big conglomerate insurance company is an admitted insurer that suddenly they all are. It says right on the policy it's not. It's a surplus lines policy. So it doesn't cover. And as to the Zurich one, the fact that you have to go back retroactive, and the cases that I've cited in the brief, that doesn't work. It's been four and a half years. It's a clear case that he's an employee because he's a dispatch driver. And so they didn't secure insurance. And Mr. Ali has his right to pursue his remedy in court, which is what he tried to do. And unfortunately, on a motion to dismiss for lack of subject matter jurisdiction, none of these facts were really developed very well. For example, Mr. Hedquist is talking about what he thinks Zurich will do. We didn't hear from Zurich on what it will do, whether it will retroactively do this. It just wasn't developed. So we ask that the case be reversed and remanded to district court. And your client's compensation benefits have been paid by whom so far? No one. Well, Trecker's Insurance pays some benefits, but that's not a compensation policy, it's a disability policy. Yes, Your Honor, it did pay all the benefits under the policy. Yes, Your Honor. Okay. Thank you. The case just argued is submitted for decision.
judges: Bennett, Schroeder, Thomas